IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK TWAIN MORTON, # 230027, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 2:20-cv-172-WHA-WC |
| | ) | [WO] |
| PATRICE RICHIE JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Mark Twain Morton ("Morton"), a state inmate at the Bullock Correctional Facility in Union Springs, Alabama, initiated this action by filing a petition for writ of habeas corpus (Doc. No. 1), a motion for mandatory release (Doc. No. 2), and various other motions (*see* Docs. 3 through 6). Morton challenges the legality of his sentences imposed by the Jefferson County Circuit Court upon his convictions in 2003 for attempted murder and discharging a firearm into an occupied vehicle.[1]

**II.   DISCUSSION**

Because Morton challenges the state court judgment under which he is incarcerated, the relief he seeks is proper through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See, e.g., Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005).  Title 28 U.S.C.

---

[1] Although Morton doesn't specify the convictions and sentences he challenges by his mostly nonsensical petition and pleadings, this court is able to determine the convictions and sentences forming the basis of his current imprisonment by reviewing the docket of the United States District Court for the Northern District Alabama, Morton's inmate information available on the website for the Alabama Department of Corrections, and information regarding Morton's state cases available at alacourt.com.

§ 2241(d) allows Morton to bring a § 2254 petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Bullock Correctional Facility is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Jefferson County Circuit Court is located).  Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]."  28 U.S.C. § 2241(d).

The matters complained of by Morton stem from convictions and sentences entered by the Jefferson County Circuit Court.  The records related to these matters are located in Jefferson County.  Therefore, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for consideration and disposition.[2]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED pursuant to 28 U.S.C. § 2241(d) to the United States District Court for the Northern District of Alabama.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 2, 2020**.  Any objections filed must specifically identify the factual findings

---

[2] A decision on Morton's application for leave to proceed *in forma pauperis* (Doc. No. 6) is reserved for ruling by the United States District Court for the Northern District of Alabama.

and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of March, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE